# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HELENE EWASKA** <br> 7914 Dorothy Ave. <br> Parma, Ohio 44129-3615 <br><br> Plaintiff <br><br> -vs.- <br><br> **UNIVERSITY HOSPITALS** <br> **CLEVELAND MEDICAL CENTER** <br> 3605 Warrensville Ctr. Rd <br> MSC 9215 <br> Shaker Heights, Ohio 44122-5203 <br><br> Defendant. | CASE NO. 1:10-cv-1924 <br><br> JUDGE AARON POLSTER <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Type: Retaliatory Discharge and Interference in Violation of the Family Medical Leave Act, 29 U.S.C. § 2611 et seq. <br><br> Jury Demand Endorsed Hereon |

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Helene Ewaska ("Ewaska") through counsel, alleges and requests the following legal and equitable relief:

1. The present action against Defendants, University Hospitals Cleveland Medical Center (collectively referred to as "UHCMC"), for money damages and other legal and equitable relief for the unlawful termination of Plaintiff's employment and interference with Ewaska's federal right to medical leave.

2. This action is brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

## Parties

3. Plaintiff, Helene Ewaska ("Ewaska") is an adult resident of Parma, Ohio and was, at all relevant times, an employee of UHCMC.

4. Ewaska is a citizen of the United States and was, at all relevant times, an eligible employee within the meaning of the FMLA [29 U.S.C. § 2611 (2) (A)].

5. University Hospital of Cleveland ("UHCMC") is an "employer" as defined by the FMLA [29 U.S.C. § 2611(4) (A) (i)].

6. UHCMC is an "employer" as defined by the FMLA [29 U.S.C. § 2611(4) (A) (i)].

7. UHCMC is a private company incorporated and having its principal place of business in the State of Ohio.

## Facts

8. UHCMC employed Ewaska for more than eight (8) years.

9. UHCMC most recently employed Ewaska as an administrative assistant to the Vice President of UHCMC's Department of Radiology.

10. Between September 21, 2008 and September 21, 2009, Ewaska worked at least 1,250 hours for UHCMC.

11. In 2009, Ewaska suffered from a number of mental/emotional conditions, including severe panic anxiety disorder with depression.

12. Ewaska's health problems constituted a serious health condition as defined by the FMLA [29 U.S.C. § 2611].

13. On September 21, 2009, Ewaska did not report to work due to symptoms relating to her health condition.

14. Ewaska followed UHCMC's call-off procedures when she reported her absence to UHCMC that day.

15. On September 22, Ewaska did not report to work due to symptoms relating to her health condition.

16. Ewaska followed UHCMC's call-off procedures when she reported her absence to UHCMC that day.

17. On September 23, Ewaska did not report to work due to symptoms relating to her health condition.

18. Ewaska followed UHCMC's call-off procedures when she reported her absence to UHCMC that day.

19. Ewaska was eligible to take a medical leave of absence covered by the FMLA beginning on September 21, 2009.

20. On September 23, Ewaska's psychiatrist Robert Smitley, D.O., advised her to take a medical leave of absence due to her health condition.

21. On September 23, Ewaska informed UHCMC management that she sought time off under the FMLA due to her health condition.

22. Thereafter, UHCMC mailed Ewaska an FMLA instructional letter and other documentation including two certifications of health care providers for her doctor(s) to complete and return to UHCMC.

23. UHCMC gave Ewaska fifteen (15) days to submit the certifications.

24. On October 2, Dr. Smitley completed two certifications and his office faxed them to UHCMC's human resources department.

25. In one certification, Dr. Smitley approved her to take a medical leave for a serious health condition for the time period of September 21 through mid-October.

26. Around mid-October, Dr. Smitley extended Ewaska's leave of absence through the end of the month and cleared her to return to work on November 2.

27. On November 2, Ewaska returned to her job.

28. That day, a manager in Ewaska's department informed her that she was being terminated due to alleged unexcused absences on September 21, 22 and 23.

29. To date, UHCMC has failed to reinstate Ewaska as an employee or otherwise reconsider its firing decision.

## Count I

Retaliatory Discharge in Violation of the
Family Medical Leave Act, 29 U.S.C. § 2611 et seq.

30. Ewaska re-alleges all the paragraphs above in his Complaint as if fully rewritten herein.

31. Under the FMLA and its corresponding regulations, it is unlawful for an employer to discharge or in any manner discriminate against any individual for exercising his or her rights under the FMLA.

32. UHCMC discharged Ewaska and otherwise discriminated against her in violation of the FMLA.

33. Upon information and belief, Ewaska's use of FMLA-qualifying leave was a negative factor in UHCMC's decision.

34. As a direct and proximate result of UHCMC's conduct, Ewaska has been damaged by the loss of her job, salary and wages and fringe benefits, among other things.

35. As a direct and proximate result of UHCMC's conduct, Ewaska has had to retain the services of an attorney and incur reasonable attorney fees and related costs and expenses.

36. UHCMC's conduct was in bad faith because it did not have reasonable grounds to believe that its conduct did not violate the FMLA.

## Count II

Interference with Plaintiff's Rights Under the
Family Medical Leave Act, 29 U.S.C. § 2611 et seq.

37. Ewaska re-alleges all the paragraphs above in his Complaint as if fully rewritten herein.

38. Under the FMLA and its corresponding regulations, it is unlawful for an employer to interfere with any individual's rights under the FMLA.

39. Ewaska returned to work within 12 weeks and, therefore, had an unconditional right to reinstatement under the FMLA.

40. Under the FMLA, UHCMC could not assess points against Ewaska or otherwise discipline her for her absences between September 21 and November 2.

41. UHCMC interfered with Ewaska by failing to properly administer its FMLA policy by holding her absences against her and failing to restore her to her position or an equivalent one.

42. To the extent there were any problems with the certification(s) of health care provider(s) Ewaska or her physician submitted, UHCMC also interfered with Ewaska's rights by failing to adequately communicate with her about any problem(s) it allegedly had with the certification(s) that she/her doctor had issued to the company.

43. UHCMC's interference with Ewaska's use of FMLA-qualifying leave prejudiced her.

44. As a direct and proximate result of UHCMC's conduct, Ewaska has been damaged by the loss of her job, salary and wages and fringe benefits, among other things.

45. As a direct and proximate result of UHCMC's conduct, Ewaska has had to retain the services of an attorney and incur reasonable attorney fees and related costs and expenses.

46. Upon information and belief, UHCMC's conduct was in bad faith because it did not have reasonable grounds to believe that its conduct did not violate the FMLA.

### **Prayer of Relief**

WHEREFORE, Plaintiff, Helene Ewaska requests that this Court issue judgment in his favor and against Defendants, University Hospitals Cleveland Medical Center, and grant Plaintiff relief that fully compensates her for all damages proximately suffered because of Defendant's unlawful and unjust employment practices in an amount in excess of $25,000.00 (Twenty Five Thousand Dollars), including:

    (i)    an order finding that Defendant violated Plaintiff's FMLA rights, and that Defendant's decision to terminate Plaintiff's employment violated the FMLA;

    (ii)    an order compelling UHCMC to cease and desist in committing FMLA violations against Plaintiff and other employees;

    (iii)    full reinstatement to the same or an equivalent position;

    (iv)    liquidated damages, as well as back pay, compensatory, incidental, consequential and liquidated damages, front pay, and all other equitable and monetary relief as justice requires;

    (v)    punitive damages, as well as compensation for pain, suffering, and loss of reputation to the extent permitted by law;

    (vi)    attorney's fees, court costs and expenses, including expert witness fees;

    (vii)    prejudgment and/or post-judgment interest at the prevailing interest rate provided for by law; and

    (viii)    any further relief that this Court deems just and proper.

Respectfully submitted,

THE NORTON LAW FIRM CO., LPA


/s/ Eric Norton
_____
ERIC NORTON (0071563)
Cedar-Grandview Building, Suite No. 6
12434 Cedar Road
Cleveland Heights, Ohio 44106
Ph.: (216) 791-0000
Fax: (216) 791-6888
E-mail: nortonlawfirm@yahoo.com

*Counsel for Plaintiff*


**<u>Jury Demand</u>**

Per F.R.C.P. 38, Plaintiff hereby demands a trial by a jury with the maximum number of jurors on all triable issues herein.


/s/ Eric Norton
_____
Eric Norton (0071563)

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was served upon Defendant's counsel via the Court's electronic filing system on **September 7, 2010.**

/s/ Eric Norton
_____
Eric Norton (0071563)